Darren P.B. Rumack
THE KLEIN LAW GROUP
39 Broadway Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiffs and the putative class.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

**MIGUEL RODRIGUEZ LUGO, RICHARD MACAS,**
**HERNAN G. CORAIL SR., and HERNAN M. CORAIL**
**JR.** *Individually and on behalf of others similarly situated,*

        **Plaintiffs**

v.               **COMPLAINT**
                  **Index No.**

                  **RULE 23 CLASS ACTION AND**
                  **COLLECTIVE ACTION UNDER**
                  **29 USC § 216(b)**

                  **JURY TRIAL DEMANDED**

**JEDSON COMPANY LLC and MICHAEL A.**
**BORDES**
            **Defendants.**
-----------------------------------------------------------------x

   1.  Plaintiffs Miguel Rodriguez Lugo, Richard Macas, Mr. Hernan G. Corail Sr. and Mr. Hernan M. Corail Jr. (collectively "Plaintiffs"), individually and on behalf of others similarly situated, allege as follows:

### NATURE OF THE ACTION

   2.  This Action on behalf of Plaintiffs, individually and on behalf of other similarly situated employees of Jedson Company LLC ("Jedson"), and Michael A. Bordes individually (collectively "Defendants"), who performed work for Jedson as non-exempt construction workers (collectively "Construction Workers"), seeks the recovery of unpaid wages and related

damages for unpaid overtime hours worked, while employed by Defendants. Plaintiffs seek these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

3. Throughout the course of Plaintiffs' employment, Defendants failed to compensate its non-exempt employees with overtime premiums for hours worked over 40 per workweek.

4. Plaintiffs and Construction Workers are not exempt from the overtime pay requirements under federal or state law.

5. Defendants have failed to monitor and/or properly record the actual hours worked by its non-exempt employees.

6. Defendants have applied the same employment policies, practices and procedures to all of its Construction Workers.

7. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former non-exempt Construction Workers pursuant to Federal Rule of Civil Procedure ("FRCP") 23 to remedy violations of the New York Labor Law ("NYLL"), Article 6 §§ *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2

9. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## PARTIES

10. Plaintiff Miguel Rodriguez Lugo, a resident of New York State, is employed as a construction worker for Defendants from February 2016 to the present. Plaintiff was employed by Defendants during the relevant limitations periods.

11. Plaintiff Richard Macas, a resident of Connecticut, was employed as a construction worker for Defendants from Summer 2014 to December 2017. Plaintiff was employed by Defendants during the relevant limitations periods.

12. Plaintiff Hernan G. Corail Sr., a resident of New York State, is employed as a construction worker for Defendants from January 2014 to the present. Plaintiff was employed by Defendants during the relevant limitations periods.

13. Plaintiff Hernan M. Corail Jr., a resident of New York State, is employed as a construction worker for Defendants from August 2013 to the present. Plaintiff has been employed by Defendants during the relevant limitations periods.

14. Jedson is a New York Corporation located at 7 Rye Bridge Plaza, Suite 149, Rye Brook, NY 10573.

15. Defendant Bordes is the owner of Jedson.

16. Upon information and belief, Jedson has an annual gross volume of sales in excess of $500,000.00.

17. At all relevant times, corporate Defendants have been and continue to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

18. All Defendants are hereinafter collectively referred to as "Defendants."

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 USC § 216(b), on behalf of all similarly situated non-exempt employees who were employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

20. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them one half and one half times the employees' regular rate of pay for work in excess of (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

21. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 USC § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants and via email.

## CLASS ACTION ALLEGATIONS

4

22. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this lawsuit as a class action on behalf of all similarly situated non-executive, non-exempt employees of Defendants, or who have been or are employed by Defendants within six years prior to the filing of this Complaint (the "Rule 23 Class" or the "Class").

23. **Numerosity**: The potential number of persons in the Class is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of persons in the Class is unknown to Plaintiffs at this time; however, it is estimated that the number exceeds 40 individuals.

24. **Commonality and Typicality**: The claims of Plaintiffs (for non-payment of overtime pay) are typical of the claims of all of the other members of the Class because all of them sustained similar injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all of the other members of the Class were caused by Defendants' wrongful conduct as described in this Complaint.

25. **Ascertainable Class**: The proposed Class is ascertainable in that its members can be identified and located using information contained in Defendants' payroll and personnel records.

26. **Adequacy**: Plaintiffs are an adequate representative of the Class; will fairly protect the interests of the other members of the Class; have no interests antagonistic to the members of the Class; and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type. Class Counsel is competent and experienced in litigating large wage payment class actions.

27. **Superiority**: The nature of this action makes the use of the class action vehicle a particularly efficient and appropriate procedure to afford relief to Plaintiffs and the other members of the Class for the wrongs alleged herein, as follows:

   a. This case involves a large corporate Defendant and a large number of individuals with many relatively small claims and common issues of law and fact;

   b. If each individual member of the Class was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because, with its vastly superior financial and legal resources, it would be able to exploit and overwhelm the limited resources of each individual member of the Class;

   c. Requiring each individual member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by members of the Class who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation;

   d. The Prosecution of separate actions by the individual members of the Class, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual members of the Class against Defendants; would establish potentially incompatible standards of conduct for Defendants, would result in legal determination with respect to individual members of the Class which would, as a practical matter, be dispositive of the interest of the other members of the Class who are not parties to the adjudications; and/or would substantially

        impair or impede the ability of the members of the Class to protect their own interests;

e.     The claims of the individual members of the Class may not be sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses thereto;

f.     Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expense and burden of individual litigation would make it difficult of impossible for individual member of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action; and

g.     The costs to the court system of adjudication of such individualized litigation would be substantial.

## FACTUAL ALLEGATIONS

28.     Defendants committed the following alleged acts knowingly, willfully and intentionally.

29.     Defendants knew that the nonpayment of overtime pay to Plaintiffs and the Construction Workers would economically injure Plaintiffs and the Construction Workers and violated state and federal laws.

### Miguel Rodriguez Lugo

30.     Plaintiff Lugo has been employed as a construction worker for Defendants from February 2016 through the present.

31.     Throughout the course of his employment, Plaintiff Lugo generally works six (6) days per week for Defendants.

32. Throughout the course of his employment, Plaintiff Lugo regularly works ten (10) hour shifts.

33. Plaintiff Lugo was paid at a rate of $20.00 per hour for the first year of his employment.

34. Plaintiff Lugo has been paid $22.00 per hour since that time.

**Richard Macas**

35. Plaintiff Macas was employed as a construction worker for Defendants from February 2016 through December 2017.

36. Plaintiff Macas worked as a general construction laborer from Summer 2014 through early 2016.

37. Plaintiff Macas worked as a general construction laborer and delivery driver from Summer 2016 through December 2017.

38. Throughout the course of his employment, Plaintiff Macas generally works six (6) days per week for Defendants.

39. Throughout the course of his employment, Plaintiff Macas regularly works ten (10) hour shifts.

40. From 2014 until Summer 2017, Plaintiff Macas was paid at a rate of $20.00 per hour.

41. Plaintiff Macas was paid $22.00 per hour for the last six (6) months of his employment with Defendants.

**Hernan G. Corail Sr.**

42. Plaintiff Corail Sr. has been employed from about January 2014 through the present as a construction worker for Defendants.

43. Throughout the course of his employment, Plaintiff Corail Sr. generally works six (6) days per week for Defendants.

44. Throughout the course of his employment, Plaintiff Corail Sr. regularly works ten (10) hour shifts.

45. Plaintiff Corail Sr. has been paid at a rate of $22.00 per hour throughout his employment; although he was paid $150.00 per day for the first three (3) months of his employment.

46. Plaintiff Corail Sr. was paid in check.

**Hernan M. Corail Jr.**

47. Plaintiff Corail Jr. has been employed from about August 2013 through the present as a construction worker for Defendants.

48. Plaintiff Corail Jr. worked as a general construction laborer from August 2013 through on or about summer 2016.

49. Since on or around summer 2016, Plaintiff Corail Jr. began driving a supply delivery van for Defendants to various project sites.

50. Plaintiff Corail Jr. would also load and unload the vans, while occasionally doing construction work on job sites as well.

51. Throughout the course of his employment, Plaintiff Corail Jr. regularly works six (6) days per week for Defendants.

52. Throughout the course of his employment, Plaintiff Corail Jr. regularly works ten (10) hour shifts.

53. Plaintiff Corail Jr. has been paid a rate of $22.00 per hour throughout his employment.

54. Plaintiff Corail Jr. was paid in check.

55. Plaintiffs and the Construction Workers often worked in excess of forty (40) hours per workweek.

56. Plaintiffs and the Construction Workers were paid straight time for their hours worked over forty (40) per week.

57. Defendants unlawfully failed to pay the Plaintiffs and the Construction Workers one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek.

58. Defendants violated the New York State's Wage Theft Prevention Act because it failed to provide Plaintiffs and the Construction Workers with a written notice of their rate of pay and failed to keep proper payroll records as required under New York law.

59. Defendants further violated the New York Wage Theft Prevention Act because it failed to provide Plaintiffs and the Construction Workers with pay stubs (or wage statements) that contained all of the required information and/or accurate information.

60. Plaintiffs performed their work at commercial and residential sites throughout New York State, including New York City, New Jersey, Pennsylvania, and Connecticut.

61. Defendant Bordes has control over Jedson's pay procedures, including but not limited to setting rates of pay for employees.

62. Defendant Bordes has hiring and firing authority over Jedson's employees.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act-Overtime Wages Brought By Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs**

63. Plaintiffs individually and on behalf of the FLSA Collective Plaintiffs, re-allege and incorporate by reference all allegations in all preceding paragraphs.

64. The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiffs, and the FLSA Collective Plaintiffs.

65. Defendants have willfully failed to pay Plaintiffs and the FLSA Collective Plaintiffs the overtime wages for hours worked in excess of forty (40) hours in a workweek.

66. As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
**New York Labor Law-Unpaid Overtime Brought By Plaintiffs on Behalf of Themselves and the Rule 23 Class**

67. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

68. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiffs and the Rule 23 Class.

69. Defendants have willfully failed to pay Plaintiffs and the Rule 23 Class the overtime wages for hours worked in excess of forty (40) hours in a workweek.

70. Defendants knowing or intentional failure to pay Plaintiffs and the Rule 23 Class overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

71. As a result of Defendants' unlawful acts, Plaintiffs and the Rule 23 Class have been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre and post judgment interest, costs and other compensation pursuant to the New York Labor Laws.

### THIRD CAUSE OF ACTION
**NYS Spread of Hours Provisions-NY Comp. Code R & Regs. Tit. 12 § 142-2.4 Brought By Plaintiffs on Behalf of Themselves and the Rule 23 Class**

72. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

73. Plaintiffs and the Rule 23 Class regularly had workdays that lasted ten (10) hours or more.

74. Defendants willfully and intentionally failed to compensate Plaintiffs and the Rule 23 Class one hour's pay at the basic New York State minimum hourly wage rate when their workdays reached or exceeded ten (10) hours, as required by New York law.

75. As a result of Defendants' willful and unlawful acts, Plaintiffs and the Rule 23 Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre and post judgment interest, costs and attorneys' fees, as provided by New York Labor Laws Article 19 § 663.

### FOURTH CAUSE OF ACTION
**Recordkeeping and Wage Theft Prevention Act Violations Brought By Plaintiffs on Behalf of Themselves and the Rule 23 Class**

76. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

77. Defendants failed to make, keep and preserve accurate records with respect to Plaintiffs and the Rule 23 Class, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

78. Defendants failed to provide Plaintiffs and the Rule 23 Class with a written notice of rate of pay as required by NYLL § 195.

79. Defendants failed to provide Plaintiffs and the Rule 23 Class with accurate wage statements as required by NYLL § 195.

80. Defendants' failure to make, keep and preserve accurate records was willful.

81. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Rule 23 Class are entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

## PRAYER FOR RELIEF

82. WHEREFORE, Plaintiffs, individually and on behalf of the putative class prays for relief as follows:

    a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

    b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

    c. Designation of this action as a collective action pursuant to the FLSA on behalf of the FLSA Collective Plaintiffs and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated member of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to

assert timely FLSA claims by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

d. Designation of Plaintiffs as representative plaintiffs of the FLSA Collective Plaintiffs;

e. Certification of this case as a class action pursuant to Rule 23 of the FRCP.

f. Designation of Plaintiffs as representative of the Rule 23 Class and Counsel of record as Class Counsel;

g. Penalties available under applicable laws;

h. Costs of the action incurred herein, including expert fees;

i. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

j. Pre-judgment and post-judgment interest, as provided by law; and

k. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff on behalf of himself and the putative class hereby demands a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York  
       April 17, 2018

Respectfully submitted,

The Klein Law Group P.C.

By: _____  
Darren P.B. Rumack  
39 Broadway, Suite 1530  
New York, NY 10006  
Phone: 212-344-9022  
Fax: 212-344-0301  
*Attorneys for Plaintiffs and the putative class.*

**CONSENT TO BECOME PARTY PLAINTIFF**

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Jedson and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_Richard_ (signature)    4/16/18         RICHARD MACAS
Signature                Date            Printed Name

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Jedson and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_Miguel E Rodriguez_   _4/16/18_                    _MIGUEL E RODRIGUEZ_
Signature                 Date                       Printed Name

15

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Jedson and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

| _[signature]_ | 04-17-2018 | HERNAN G. CORAIL |
|---|---|---|
| Signature | Date | Printed Name |

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Jedson and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_[signature]_    04-17-18    HERNAN M CORAIL
Signature    Date    Printed Name