# THE KLEIN LAW GROUP, P.C.

KLEIN, KLEIN, TILLES & RUMACK
39 BROADWAY
SUITE 1530
NEW YORK, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301

SUSAN KLEIN
DAVID KLEIN
LESLIE TILLES*
DARREN P.B. RUMACK*†∗

XIAN-MING LEI†
STEVEN G. DAVIS

*Member N.Y. & N.J. Bar
†Southern District of New York and the Eastern District of New York
∗Also Admitted in District of Columbia

ALAN QUIG
Licensed New York State
Workers' Compensation
Representative

www.thekleinlawgroup.com

August 13, 2018

Hon. Vincent L. Briccetti
United States District Court
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

**Re:   Rodriguez Lugo et al. v. Bordes et al.
         18-cv-3564 (VB)**

Your Honor:

Following an extensive investigation, informal discovery, and arm's-length negotiations between experienced counsel, Plaintiffs Miguel Rodriguez Lugo, Richard Macas, Hernan M. Corail and Hernan G. Corail ("Plaintiffs"), and Defendants Michael A. Bordes and Jedson Company LLC ("Defendants"), have agreed, subject to Court approval, to resolve this wage and hour lawsuit. The settlement satisfies the criteria for approval of under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") because it resolves a *bona fide* dispute, and is fair, reasonable, and adequate.

The parties have reached a formal settlement agreement in the amount of $33,000.00, inclusive of attorneys' fees and costs in the amount of $11,000.00, and now seek the Court's formal approval of this settlement agreement. A copy of the settlement agreement is attached hereto as **Exhibit "A."**

**I.      Factual Background**

Plaintiffs filed this Complaint on April 23, 2018 seeking damages for unpaid overtime under the New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA"). To date, the parties have engaged in extensive discovery, including the production of financial statements, a sworn statement from a certified public accountant, as well as information regarding hours worked by, and amounts paid to, the Plaintiffs.

1

## II. Summary of the Settlement Terms

### A. The Settlement Fund and Attorneys' Fees

The Settlement Agreement establishes a Settlement Amount of $33,000.00 to settle claims against Defendants. See **Exhibit A**. Under the agreement and as set forth herein, Plaintiffs' Counsel requests Court approval of an award of $11,000.00 (thirty-three and one-third percent of the Settlement Amount) as attorneys' fees and their reasonable costs and litigation expenses.

## III. The Parties' Settlement Is Fair and Reasonable and Should Be Approved

Settlement is an important aspect of the judicial process that is treated with favor by courts. See, e.g., Wal-Mart Stores, Inc. v. Visa U.S.A. Inc., 396 F.3d 96, 116 (2d. Cir. 2005) (noting the "strong judicial policy in favor of settlements"). The settlement of FLSA claims is likewise encouraged, but the Second Circuit has held that settlements of FLSA claims require judicial approval.[1] See Cheeks v Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015) (holding that, "[r]ule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect.").

If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. See Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1354 (11th Cir. 1982). In determining whether to approve a proposed FLSA settlement, relevant factors include:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

See Camacho v. Ess-a-Bagel, Inc., Index No. 14-cv-2592, 2014 U.S. Dist. LEXIS 171649, *4-6 (S.D.N.Y. Dec. 11, 2014). The settlement in the instant action meets all five criteria.

#### a. Possible Range of Recovery

Based on the undersigned's analysis, Plaintiffs initially calculated that the potential maximum recovery in this action was $422,211.60 assuming they prevailed at trial on all their claims (representing $211,108.80 in backpay plus 100% liquidated damages). However, the parties believe this settlement to be a fair resolution to this litigation, due to *bona fide* disputes about the value of Plaintiffs' claims, as set out below. Further, Defendants maintain that: (a) the potential

---

[1] There is no corresponding obligation for the parties to seek approval of the claims asserted based upon the New York Labor Law. See Wright v Brae Burn Country Club, Inc., 2009 US Dist LEXIS 26492, at *11 (S.D.N.Y. Mar. 20, 2009) (holding that "there is no express restriction on the private settlement or waiver of wage and hour claims under New York law.").

2

maximum recovery in this action was $15,000 or less in backpay for each Plaintiff; and (b) even if Plaintiffs were successful on their claims, there would be no entitlement to liquidated damages.

### b. Primary Factual Dispute and Risks

Here, the settlement amount of $33,000.00 is fair and appropriate in light of the considerable risk that Plaintiffs face. First, the parties dispute the number of hours worked by each employee. Therefore, the amount of recovery by each Plaintiff could be significantly reduced if Defendants are able to prove they worked fewer hours than alleged in the Complaint.

Most significant in this matter, Defendants have provided Plaintiffs' counsel with various income statements and tax information regarding the financial health and viability of the corporate Defendant. Defendants maintain that based on their tax records, amongst other things, that they would be unable to pay a higher judgment. Therefore, even if successful on their claims, Plaintiffs faced the risk of not being able to recover on any judgment. This settlement allays those concerns, and the individual Defendant has signed a confession of judgment.

In addition, Defendants contend that Plaintiffs were independent contractors (not employees). If Defendants were able to establish that Plaintiffs were properly considered independent contractors, then there would be no entitlement to overtime pay or liquidated damages. This represents a contested issue of fact and law.

Moreover, Defendants contend that, given the hours worked by Plaintiffs, even if they should have been classified as employees, they were not entitled to any compensation for "spread of hours." This represents an additional contested issue of fact and law.

Defendants also contend that Plaintiffs were compensated at "straight time" for all overtime hours worked. Thus, even if Plaintiffs should have been classified as employees, they may only be entitled to fifty percent of their hourly rate for the overtime hours they worked. This also represents a contested issue of fact.

Lastly, Defendants contend that Plaintiffs worked far less overtime hours than Plaintiffs allege, as set out in time records provided to Plaintiffs' counsel. Thus, even if Plaintiffs should have been classified as employees, they may be entitled to far less damages than they allege. This represents a contested issue of fact.

In short, although Plaintiffs believe that they have a strong case, there was significant risk for both parties to engage in protracted and costly litigation over these issues, with no guarantee of recovery.

In light of these risks, the Court should find that the settlement amount is reasonable. Based on Plaintiffs' salaries and the number of hours they allegedly worked for Defendants during the relevant period, Plaintiffs' counsel believes that the estimated settlement payments reflect a satisfactory recovery in this case. Further, the allocation of the settlement is reasonable in that it reflects a proportion of damages owed to each Plaintiff based on the number of weeks he worked for Defendants. See Hens v. Clientlogic Operating Corp., No. 05 Civ. 381S, 2010 WL

3

5490833, at *2 (W.D.N.Y. Dec. 21, 2010) (allocation formula based on plaintiffs' length of service was equitable and reasonable).

The contested issues in this case demonstrate there was no fraud or collusion in reaching the settlement. See Meigel v. Flowers of the World, NYC, Inc., No. 11-cv-465 (KBF), 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012) ([T]ypically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement). Additionally, Plaintiffs are satisfied with the settlement amount and voluntarily and willingly entered into the agreement.

### IV. Plaintiffs' Counsel's Request for Attorneys' Fees and Costs Is Reasonable.

Pursuant to the retainer agreement between Plaintiffs and counsel, Plaintiffs' attorneys' fees are $11,000.00, which equals 33.33% of the $33,000.00 Settlement Payment. In re Lawrence, 24 N.Y.3d 320, 339 (2014) ("Absent incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written."). As Judge Pitman has explained, Cheeks does not require the Court to review a plaintiff's fee arrangement with his attorney:

> I do not address the fee arrangement between plaintiff and his counsel because I do not believe I am required to do so under *Cheeks* .... As described in *Cheeks*, the purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee from overreaching by the employer. I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney.

Villalva-Zeferino v. Park, No. 15-CV-6932 (HBP), 2016 WL 740387, at *2 n. 2 (S.D.N.Y. Feb. 17, 2016); Gutierrez v. 352 E. 86th St. Rest. Inc. d/b/a "Gracie's Corner Diner" et al., No. 15 Civ. 2064, 2016 WL 750940 at *1 n. 1(S.D.N.Y. Feb. 19, 2016).

Plaintiffs' counsel's lodestar is currently $6042.75, which represents 16.32 hours worked on this file. As such, we believe that the contingency fee in this case is fair and reasonable. See **Exhibit B**, a true and correct copy of Plaintiffs' counsel's contemporaneous time records. The undersigned attorney billed at a rate of $400.00 per hour. I graduated from Vanderbilt University Law School in 2007, and worked at Fox Rothschild LLP from 2007 through early 2010, a national law firm where I practiced employment litigation defense, with my primary focus on wage and hour class and collective action cases. I have worked at The Klein Law Group PC since June 2010, and became partner in early 2016. At The Klein Law Group, I have served as the attorney of record for dozens of wage and hour lawsuits in the Southern District of New York and the Eastern District of New York.

The one-third fee requested is a fair and reasonable amount, as it was not only agreed upon by Plaintiffs and counsel in the retainer agreement, but is also routinely approved by courts in the Second Circuit. See Flores v. Anjost Corp., No. 11-CV-1531 (AT) 2014 WL 321831, at 9

(S.D.N.Y. Jan. 28, 2014); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13-CV-3234 (LB), 2013 WL 5308277, at 1 (E.D.N.Y. Sept. 19, 2013); Mireku v. Red Vision Sys., Inc., No. 11-CV-9671 (RA) (JLC), 2013 WL 6335978, at *3 (S.D.N.Y. Dec 6, 2013).

**V.    Conclusion.**

Therefore, for the reasons above, the parties maintain that the proposed settlement is fair and reasonable, and request the Court approve the Settlement Agreement and enter an order dismissing the action. Defendants do not oppose this request.

Respectfully,

**The Klein Law Group P.C.**

_(signature)_

Darren Rumack, Esq.
Attorneys for Plaintiff
39 Broadway Suite 1530
New York, NY 10004
212-344-9022

c.c.    Alan J. Harris, P.C. (via email)
        Attorneys for Defendants

5